**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND; AUTOMOBILE MECHANICS' LOCAL 701 UNION AND INDUSTRY WELFARE FUND; and MECHANICS' LOCAL 701 DEFINED CONTRIBUTION 401(K) PLAN, <br><br> Plaintiffs, <br><br> vs. <br><br> BAREFOOT CONCRETE COATINGS LLC, an Illinois limited liability company, and LINO RENE CASTRO, an individual, <br><br> Defendants. | Case No.: 22-CV-5310 <br><br> Judge: <br><br> Mag. Judge: |

## COMPLAINT

NOW COME the Plaintiffs, the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND ("PENSION FUND"), the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND ("WELFARE FUND"), and the MECHANICS' LOCAL 701 DEFINED CONTRIBUTION 401(K) PLAN ("401(K) PLAN") (collectively the "FUNDS"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendants BAREFOOT CONCRETE COATINGS LLC ("BAREFOOT") and LINO RENE CASTRO ("CASTRO"), and in support, allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 186). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)) in that the FUNDS are administered at 361 S. Frontage Road, Suite 100, Burr Ridge, Illinois 60527, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

### PARTIES

3. The FUNDS receive contributions and 401(k) elective deferrals from numerous employers pursuant to various collective bargaining agreements between the employers and the Automobile Mechanics' Local 701, International Association of Machinists and Space Workers, AFL-CIO, of Chicago and vicinity ("UNION"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132(a)(3) and 1145), the FUNDS are authorized to bring this action on behalf of their participants and beneficiaries to enforce a collective bargaining agreement.

5. The UNION was the bargaining representative of Defendant BAREFOOT's mechanic employees.

6. The Defendant BAREFOOT is an Illinois limited liability company with its principal place of business located in Des Plaines, Illinois.

7. The Defendant CASTRO is the sole Member and a Manager of BAREFOOT with his principal residence in Des Plaines, Illinois.

## COUNT I
## BREACH OF CONTRACT –
## CONTRIBUTIONS OWED TO PENSION FUND AND WELFARE FUND

8. The PENSION FUND and WELFARE FUND re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. BAREFOOT is an employer that is signatory to a Collective Bargaining Agreement ("CBA") with the UNION. (A copy of the CBA is attached hereto as **Exhibit 1**).

10. In addition to the CBA, BAREFOOT entered into Participation Agreements with the WELFARE FUND and PENSION FUND. (Copies of the Participation Agreements are attached hereto as **Exhibit 2**).

11. Through the CBA and/or the Participation Agreements, BAREFOOT agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the PENSION FUND and the WELFARE FUND (hereinafter referred to as the "Trust Agreements").

12. Pursuant to the provisions of the CBA and the Trust Agreements, Defendant BAREFOOT is required to make monthly reports of the number of weeks worked by its mechanic employees and pay contributions to the PENSION FUND and WELFARE FUND for each week that a mechanic employee performs any work at the negotiated rate set forth in the CBA. The monthly reports and contributions during all relevant times were due on or before the 10th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 1**).

13. Through the authority granted to them in the Trust Agreements, the Trustees of the PENSION FUND and WELFARE FUND adopted a Collection Policy. (A copy of the Collection Policy is attached hereto as **Exhibit 3**).

14. Pursuant to Section 502(g)(2) of ERISA, the CBA, the Trust Agreements, and the Collection Policy, employers who fail to submit their contributions to the PENSION FUND and WELFARE FUND on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount unpaid, plus interest at a rate of one percent (1%) per month from the original due date until the contributions are paid in full and any reasonable attorney's fees and costs of maintaining suit. (**Exhibit 3**).

15. BAREFOOT failed to remit payment of its monthly contributions to the PENSION FUND and WELFARE FUND for the months of June 2022, July 2022, and August 2022, which resulted in the assessment of liquidated damages and interest, and owes the aggregate amount of $3,638.28 which is itemized as follows:

| Month: | Fund: | Type: | Amount: |
|---|---|---|---|
| June 2022 | Pension Fund | Contributions | $426.00 |
| June 2022 | Pension Fund | Liquidated Damages | $42.60 |
| June 2022 | Pension Fund | Interest (calculated through 9/27/2022)* | $10.51 |
| June 2022 | Welfare Fund | Contributions | $740.00 |
| June 2022 | Welfare Fund | Liquidated Damages | $74.00 |
| June 2022 | Welfare Fund | Interest (calculated through 9/27/2022)* | $18.25 |
| July 2022 | Pension Fund | Contributions | $1,065.00 |
| July 2022 | Pension Fund | Liquidated Damages | $106.50 |
| July 2022 | Pension Fund | Interest (calculated through 9/27/2022)* | $14.09 |
| July 2022 | Welfare Fund | Contributions | Paid |
| July 2022 | Welfare Fund | Liquidated Damages | $185.00 |
| July 2022 | Welfare Fund | Interest (calculated through 9/13/2022) | $16.11 |
| August 2022 | Pension Fund | Contributions | $852.00 |
| August 2022 | Pension Fund | Liquidated Damages | $85.20 |
| August 2022 | Pension Fund | Interest (calculated through 9/27/2022)* | $3.02 |
| August 2022 | Welfare Fund | Contributions | Paid |
| August 2022 | Welfare Fund | Liquidated Damages | None |
| August 2022 | Welfare Fund | Interest | None |
| | | **Total:** | **$3,638.28** |

*Interest will continue to accrue until payment is received.*

16. BAREFOOT has a continuing obligation to remit contributions to the WELFARE FUND and PENSION FUND. As a result, additional contributions, liquidated damages, and interest may become due and owing.

17. The WELFARE FUND and PENSION FUND have been required to employ the undersigned counsel to collect the monies that are due and owing from BAREFOOT.

18. The WELFARE FUND and PENSION FUND have complied with all conditions precedent in bringing this suit.

19. BAREFOOT is obligated to pay the reasonable attorney's fees and court costs incurred by The WELFARE FUND and PENSION FUND pursuant to the CBA, the Trust Agreements, Collection Policy and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, the WELFARE FUND and PENSION FUND respectfully request:

A. That Judgment be entered in favor of the WELFARE FUND and PENSION FUND and against BAREFOOT in the aggregate amount of $3,638.28, itemized as follows:

   i. $740.00 in contributions owed to the WELFARE FUND for the month of June 2022;

   ii. $259.00 in liquidated damages owed to the WELFARE FUND for the months of June and July 2022;

   iii. $34.36 in interest owed to the WELFARE FUND, plus any additional interest accrued hereinafter, for the months of June and July 2022;

   iv. $2,343.00 in contributions owed to the PENSION FUND for the months of June, July and August 2022;

    v.        $234.30 in liquidated damages owed to the PENSION FUND for the months of June, July and August 2022;

    vi.       $27.62 in interest owed to the PENSION FUND, plus any additional interest accrued hereinafter, for the months of June, July and August 2022;

B.    Judgment be entered in favor of the WELFARE FUND and PENSION FUND and against Defendant BAREFOOT for any other contributions, liquidated damages, and interest that may become due in addition to the amounts identified in Paragraph A above;

C.    That BAREFOOT be ordered to pay the reasonable attorney's fees and costs incurred by the WELFARE FUND and PENSION FUND pursuant to the CBA, Trust Agreement, Collection Policy and 29 U.S.C. §1132(g)(2)(D); and

D.    That the WELFARE FUND and PENSION FUND have such other and further relief as the Court may deem just and equitable all at the Defendant BAREFOOTS's cost, pursuant to 29 U.S.C. §1132(g)(2)€.

### COUNT II
### BREACH OF CONTRACT –
### ELECTIVE DEFERRALS OWED TO 401(K) PLAN

20.    The 401(K) PLAN re-alleges and incorporates the allegations contained in paragraphs 1-19 of this Complaint with the same force and effect as if fully set forth herein.

21.    Through Article 23 of the CBA, BAREFOOT agreed to be bound by the provisions of the Agreement and Declaration of Trust ("Trust Agreement") which created the 401(K) PLAN. (**Exhibit 1**).

22.    Pursuant to the provisions CBA, BAREFOOT is required to deduct a specified amount from its employees' wages ("401(k) elective deferrals") and remit those 401(k) elective

        deferrals to the 401(K) PLAN by the 15th day of the month following the month in which the wages were paid.

23. Pursuant to the CBA, all employees covered by the CBA are automatically enrolled at a fixed salary deferral percentage of three percent (3%) from their pre-tax wages unless the employee affirmatively elects otherwise. The salary deferral deductions are required to be remitted to the 401(K) PLAN by the Employer.

24. Through the authority granted to them in the Trust Agreements, the Trustees of the 401(K) PLAN adopted a Collection Policy (the "401(k) Collection Policy"). (A copy of the 401(k) Collection Policy is attached as **Exhibit 4**).

25. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. §1132(g)(2)), the CBA, the Trust Agreements, and the 401(k) Collection Policy, employers who fail to submit their 401(k) elective deferrals to the 401(K) PLAN on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount unpaid, plus interest at a rate of one percent (1%) per month from the original due date until the 401(k) elective deferrals are paid in full and any reasonable attorney's fees and costs of maintaining suit. (**Exhibit 4**).

26. BAREFOOT failed to remit payment of its monthly 401(k) elective deferrals for the months of June 2022, July 2022, and August 2022.

27. As a result of BAREFOOT's failure to timely remit payment of its 401(k) elective deferrals to the 401(K) PLAN, BAREFOOT owes the owes the 401(K) PLAN the aggregate amount of $2,665.78 in 401(k) elective deferrals, liquidated damages, and interest (calculated through September 27, 2022), itemized as follows:

| Month: | 401(k) Elective Deferrals: | 401(k) Liquidated Damages: | 401(k) Interest (calculated through 9/27/2022)*: | Total: |
|---|---|---|---|---|
| June 2022 | $379.60 | $37.96 | $11.39 | $428.95 |
| July 2022 | $1,172.60 | $117.26 | $23.45 | $1,313.31 |
| August 2022 | $832.00 | $83.20 | $8.32 | $923.52 |
| Totals: | $2,384.20 | $238.42 | $43.16 | **$2,665.78** |

*Interest will continue to accrue until payment is received.*

28. BAREFOOT has a continuing obligation to remit contributions to the 401(K) PLAN. As a result, additional contributions, liquidated damages, and interest may become due and owing.

29. The 401(K) PLAN has been required to employ the undersigned counsel to collect the monies that are due and owing from BAREFOOT.

30. The 401(K) PLAN has complied with all conditions precedent in bringing this suit.

31. BAREFOOT is obligated to pay the reasonable attorney's fees and court costs incurred by The 401(K) PLAN pursuant to the CBA, the Trust Agreements, 401(k) Collection Policy and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the 401(K) PLAN respectfully requests:

A. That Judgment be entered in favor of the 401(K) PLAN and against BAREFOOT in the aggregate amount of $2,665.78, itemized as follows:

  i. $2,384.20 in 401(k) elective deferrals owed to the 401(K) PLAN for the months of June, July and August 2022;

  ii. $238.42 in 401(k) liquidated damages owed to the 401(K) PLAN for the months of June, July and August 2022; and

    iii.    $43.16 in 401(k) interest owed to the 401(K) PLAN, plus any additional interest accrued hereinafter, for the months of June, July and August 2022.

B. Judgment be entered in favor of the 401(K) PLAN and against Defendant BAREFOOT for any other 401(k) elective deferrals, 401(k) liquidated damages, and 401(k) interest that may become due in addition to the amounts identified in Paragraph A above;

C. That BAREFOOT be ordered to pay the reasonable attorney's fees and costs incurred by the 401(K) PLAN pursuant to the CBA, Trust Agreement, 401(k) Collection Policy and 29 U.S.C. §1132(g)(2)(D); and

D. That the 401(K) PLAN have such other and further relief as the Court may deem just and equitable all at the Defendant BAREFOOTS's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT III
## BREACH OF FIDUCIARY DUTY - DEFENDANT LINO RENE CASTRO

32. The 401(K) PLAN re-alleges and incorporates the allegations contained in paragraphs 1-31 of this Complaint with the same force and effect as if fully set forth herein.

33. Pursuant to the provisions of the CBA, Defendant BAREFOOT is required to deduct 401(k) elective deferrals from the paychecks of participating bargaining unit employees and remit payment of those 401(k) elective deferrals to the 401(K) PLAN by the 15th day of the month, following the month in which the deductions were made.

34. Section 2510.3-102(a)(1) of the Department of Labor's Regulations defines a plan asset as "amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan, as of the earliest date on which such contributions or repayments can reasonably be segregated from the employer's general assets." (29 C.F.R. § 2510.3-102(a)(1)).

35. Section 3 of ERISA (29 U.S.C. § 1002(21)(A)) provides that "a person is a fiduciary with respect to a plan to the extent he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of plan assets…"

36. Section 404(a)(1) of ERISA (29 U.S.C. § 1104(a)(1)) requires that a fiduciary act "for the exclusive purpose of providing benefits to the participants and beneficiaries" and act "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

37. CASTRO, in his capacity as the Sole Member and a Manager of BAREFOOT, signed the CBA with the UNION.

38. Upon information and belief, CASTRO, as the Sole Member and a Manager of BAREFOOT, withheld 401(k) elective deferrals from BAREFOOT's mechanic employees' paychecks for hours worked during the months of June 2022, July 2022, and August 2022.

39. CASTRO, in his capacity as the Sole Member and a Manager, failed to remit to the 401(K) PLAN, the 401(k) elective deferrals that were withheld from BAREFOOT's mechanic employees' paychecks during the months of June 2022, July 2022, and August 2022.

40. The withheld 401(k) elective deferrals became plan assets on the day they became due and owing to 401(K) PLAN, the fifteenth (15th) day of the calendar month following the calendar month during which the work was performed.

41. Consequently, CASTRO became a fiduciary when he failed to remit timely payment of the 401(k) elective deferrals, as he exercised discretionary authority and control over plan

assets.

42. As a result of his failure to remit timely payment of the 401(k) elective deferrals, CASTRO breached his fiduciary duty to the 401(K) PLAN's participants, as he failed to act for the exclusive purpose of providing benefits to the participants when he failed to remit timely payment of the 401(K) elective deferrals.

43. CASTRO also failed to act with the requisite care, skill, prudence and diligence imposed upon him by ERISA when he failed to remit timely payment of the 401(k) elective deferrals to the 401(K) PLAN.

44. CASTRO is liable to the 401(K) PLAN for 401(k) liquidated damages and 401(k) interest pursuant to the 401(k) Collection Policy.

45. The 401(K) PLAN has been required to employ the undersigned attorneys to collect the monies that are due and owing from CASTRO.

46. CASTRO is obligated to pay the reasonable attorneys' fees and court costs incurred by the 401(K) PLAN pursuant to the 401(k) Collection Policy and Section 502(g)(1) of ERISA (29 U.S.C. § 1132(g)(1)).

**WHEREFORE,** the 401(K) PLAN respectfully requests:

A. That Judgment be entered in favor of the 401(K) PLAN and against CASTRO in the aggregate amount of $2,665.78, itemized as follows:

   i. $2,384.20 in 401(k) elective deferrals owed to the 401(K) PLAN for the months of June, July and August 2022;

   ii. $238.42 in 401(k) liquidated damages owed to the 401(K) PLAN for the months of June, July and August 2022; and

iii. $43.16 in 401(k) interest owed to the 401(K) PLAN, plus any additional interest accrued hereinafter, for the months of June, July and August 2022.

B. Judgment be entered in favor of the 401(K) PLAN and against Defendant CASTRO for any other 401(k) deferrals, 401(k) liquidated damages, and 401(k) interest that may become due in addition to the amounts identified in Paragraph A above;

C. That Defendant CASTRO be ordered to pay reasonable attorneys' fees and costs incurred by the 401(K) Plan pursuant to Section 502(g)(1) of ERISA (29 U.S.C. § 1132(g)(1)); and

D. That the 401(K) PLAN have such other relief and further relief as the Court may deem just and equitable all at Defendant CASTRO's cost, pursuant to Section 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)).

    Respectfully Submitted,

    **AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND** *et al.*

By: /s/ Hussein M. Issa – 6340001
    One of Plaintiffs' Attorneys

Hussein M. Issa
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5472
issa@johnsonkrol.com